**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BOBBY STEPHENS                                                                                                      PLAINTIFF

V.                                              5:07CV00031 JLH/JTR

DR. JOHN LYTLE and
DR. NNAMDI IFEDIORA                                                                                      DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.      Why the record made before the Magistrate Judge is inadequate.

      2.      Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

      3.      An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite 402
    Little Rock, AR 72201-3325

## I. Introduction

On February 15, 2007, Plaintiff, who was paroled from the Arkansas Department of Correction ("ADC") on March 31, 2006, commenced this § 1983 action. In his Complaint, he alleges that, while he was incarcerated in ADC, Defendants Dr. John Lytle and Dr. Nnamdi Ifediora provided him with inadequate medical care for chronic pain in his cervical spine. *See* docket entry #2. Defendant Lytle has filed a Motion to Dismiss and supportive pleadings to which Plaintiff has filed a Response and a Supplemental Response. *See* docket entries #18, #19, #21, #27, #28. Similarly, Defendant Ifediora has filed a Motion to Dismiss and supportive pleadings to which Plaintiff has filed a Response. *See* docket entries #30, #31, and #34. Before addressing the merits of Defendants' Motions to Dismiss, the Court will briefly review the procedural history of this case.

On July 31, 2002, Plaintiff filed *Stephens v. Does, et al.,* 5:02CV00280 SWW/JFF (*"Stephens I"*) in which he alleged, among other things, that he was receiving inadequate medical

care for chronic pain in his cervical spine. *See Stephens I* at docket entry #2. After reviewing the care Plaintiff had received through June of 2003, the Court concluded that Plaintiff's claim represented nothing more than a disagreement with the course of his medical care and did not constitute deliberate indifference.[1] *Id.* Accordingly, *Stephens I* was dismissed, on the merits. On appeal, the Eighth Circuit affirmed the lower court's decision in *Stephens I*. *Id*. at docket entries #68, #69, and #75.

On December 16, 2004, Plaintiff filed *Stephens v. Lytle*, 5:04CV00439 JLH/HLJ ("*Stephens II*"), in which he alleged that Defendant Lytle was providing him with inadequate medical care for chronic pain in his cervical spine.[2] *See Stephens II* at docket entry #2. A magistrate judge issued a Recommended Disposition suggesting that: (1) based on Plaintiff's claims in *Stephens I,* collateral estoppel barred him from pursuing the claims asserted in *Stephens II*;[3] and (2) the case should be dismissed, with prejudice, and that the dismissal be counted as a "strike," pursuant to 28 U.S.C. § 1915(g). *See Stephens II* at docket entry #7. Apparently, to avoid the imposition of a strike, Plaintiff filed a motion to voluntarily dismiss the action. The court later granted this motion. *Id.* at docket entries #9 and #10.

In this action, Plaintiff now alleges that Defendants Lytle and Ifediora provided him with

---

[1]Although Defendant Lytle was not named as a party in *Stephens I*, the Court reviewed the medical care that he rendered to Plaintiff in June of 2003. *Id.*

[2] Plaintiff was incarcerated in the ADC at the time he filed *Stephens I* and *II*.

[3] Specifically, the magistrate judge concluded that collateral estoppel applied because: (1) *Stephens I* and *Stephens II* involved the medical care Plaintiff received for his cervical spine during the same time periods; and (2) although Dr. Lytle was not named as a Defendant in *Stephens I*, the Court in *Stephens I* had addressed the care Dr. Lytle rendered to Plaintiff in June of 2003. *See Stephens II* at docket entry #7.

inadequate medical care for chronic pain in his cervical spine. *See* docket entry #2. According to Plaintiff, on June 18, 2003, Defendant Lytle, an orthopedic surgeon, examined him and determined that he had "an excellent range of motion" and "no abnormal posture with the neck." *Id.* at 6. Although it is unclear from his pleadings, Plaintiff seems to suggest that Defendant Lytle erred in making that determination.

Plaintiff further alleges that he was examined by Defendant Ifediora sometime in June of 2004, but fails to state what medical treatment Defendant Ifediora rendered or failed to render at that time. *Id.* However, in the grievances attached to his Complaint, Plaintiff alleges that Defendant Ifediora refused to order an MRI to determine whether he had a herniated disc in his upper cervical spine. In the responses to those grievances, prison authorities explain that: (1) previous x-rays demonstrated that Plaintiff had degenerative disc disease of the cervical spine; and (2) prison doctors, including Defendant Lytle, were treating that condition with oral and injectable pain medications, as well as follow-up appointments every three months. *Id.*

After being paroled on March 31, 2006, Plaintiff was examined by Dr. Hopson, a freeworld physician, on June 1, 2006. Dr. Hopson gave Plaintiff prescription and over-the-counter pain medications to address the discomfort in his cervical spine. *See* docket entry #2. Dr. Hopson renewed those medications during several follow-up visits. *Id.* While Dr. Hopson ordered an x-ray of Plaintiff's cervical spine on December 20, 2006, the results of that x-ray have not been provided to the Court. *Id.* In February of 2007, Dr. Hopson ordered an MRI, which revealed that Plaintiff had: "Mild posterior disc bulging at C4-C5 and prominent osteophytosis at C5-6 with narrowing of the disc space at this level and edematous changes of the adjoining endplates." *See* docket entry #34, attachment. However, Plaintiff has not clarified what, if any, treatment Dr. Hobson ordered

based on the results of that MRI.

For the reasons discussed below, the Court recommends that Defendants' Motions to Dismiss be granted and that this case be dismissed, with prejudice.

## II. Discussion

In their Motions, Defendants argue that this case must be dismissed because: (1) Plaintiff commenced this action after the expiration of the three-year statute of limitations; (2) the case is barred by the doctrine of collateral estoppel; and (3) Plaintiff has failed, as a matter of law, to state a viable inadequate medical care claim. The Court will address each of these arguments separately.[4]

### A.   Statute of Limitations

Defendant Lytle argues that Plaintiff's claim against him is barred by the statute of limitations. Because § 1983 does not contain a statute of limitations, the United States Supreme Court has held that federal courts must apply the forum state's statute of limitations period for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 276-80 (1985).[5] Accordingly, the limitations period for § 1983 actions arising in Arkansas is three years. *Miller v. Norris,* 247 F.3d

---

[4] The Court is mindful that a motion to dismiss should be granted only if it appears beyond doubt that a plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998). The Court must accept the factual allegations in the complaint as true and hold a plaintiff's *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal pleading standards apply only to a plaintiff's factual allegations. *Neitzke v. Williams*, 490 U.S. 319, 330 n. 9 (1989). A plaintiff's complaint still must contain allegations sufficient to state a claim, as a matter of law, and must not set forth allegations that are merely conclusory. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

[5] In *Garcia*, the Court held that a state's statute of limitations period for personal injury claims applies to all § 1983 actions – regardless of the nature of the underlying claim. *See also Long v. Asemota*, Case No. 00-1157, 2001 WL 336953 (8th Cir. April 9, 2001) (unpublished opinion) (applying Arkansas's three-year statute of limitations for personal injury actions to a prisoner's § 1983 claim for inadequate medical care).

736, 739 (8th Cir. 2001) (citing Ark. Code Ann. § 16-56-105(3)); *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (same).

Plaintiff specifically alleges that Defendant Lytle rendered inadequate medical care on June 18, 2003. *See* docket entry #2. Thus, the limitations period began to run on that date, and expired three years later, on June 18, 2006. Plaintiff commenced this action on February 15, 2007, which was approximately eight months <u>after</u> the statute of limitations expired.

Plaintiff argues that this case was timely filed based on the Arkansas saving statute, Ark. Code Ann. § 16-56-126.[6] *See* docket entry #27. The Eighth Circuit has held that the Arkansas savings statute, as interpreted by the Arkansas Supreme Court, applies to § 1983 actions. *See Miller*, 247 F.3d at 739.

Plaintiff filed *Stephens II* on December 16, 2004, well before the expiration of the June 18, 2006 three-year limitations period. *See Stephens II* at docket entry #2. He voluntarily dismissed that action on March 1, 2005. *Id.* at docket entry #10. Thus, he had one year – until March 1, 2006 – to refile his inadequate medical care claim against Defendant Lytle. Because Plaintiff did not commence this action until February 15, 2007, the Court concludes that Plaintiff's claims against Defendant Lytle are barred by the applicable three-year statue of limitations.

**B.    Collateral Estoppel**

Both Defendants argue that the doctrine of collateral estoppel bars Plaintiff from pursuing

---

[6] The Arkansas savings statute provides, in pertinent part, that: "If any action is commenced within the time respectively prescribed in this act . . . or in any other act, and the plaintiff therein suffers a <u>nonsuit</u>, or after a verdict for him or her the judgment is arrested, or after judgment for him or her the judgment is reversed on appeal or writ of error, the plaintiff may commence a new action within <u>one (1) year after the nonsuit suffered</u> or judgment arrested or reversed." Ark. Code Ann. § 16-56-126(a)(1) (emphasis added).

this action. Collateral estoppel, or issue preclusion, bars "relitigation of identical issues of fact." *Wedow v. City of Kansas City, Mo.*, 442 F.3d 661, 679 (8th Cir. 2006). Specifically, collateral estoppel applies, and the subsequent lawsuit is barred, if:

> (1) the party sought to be precluded in the second suit was a party, or privy to a party, in the prior suit; (2) the issue sought to be precluded is the same as the issue involved in the prior action; (3) the issue was "actually litigated" in the prior action; (4) the issue was determined by a valid and final judgment; and (5) the determination in the prior action was "essential to the judgment.

*Robinette v. Jones*, 476 F.3d 585, 589 (8th Cir. 2007); *Morse v. CIR*, 419 F.3d 829, 834 (8th Cir. 2005).

Plaintiff unquestionably was a party in *Stephens I* and *Stephens II*. Additionally, as the magistrate judge discussed in *Stephens II*, the Court in *Stephens I* dismissed Plaintiff's inadequate medical care claim on the ground that the medical care he received, including the medical care administered in June of 2003, was constitutionally adequate. The court's decision in *Stephens I* was later affirmed on appeal. Thus, Plaintiff is collaterally estopped from relitigating the medical care he received from Defendant Lytle in June of 2003.

Importantly, *Stephens I* and *Stephens II* did not, in anyway, involve the medical care that Defendant Ifediora rendered to Plaintiff in June of 2004. In fact, Plaintiff could not have raise the issue in *Stephens I*, because that action was commenced in July of 2002 and dismissed in May of 2004, which was <u>before</u> Plaintiff was seen by Defendant Ifediora. Arguably, Plaintiff could have challenged the constitutionality of Defendant Ifediora's June 2004 medical care in *Stephens II*, which was filed in December of 2004. However, *Stephens II* was voluntarily dismissed, without prejudice. Furthermore, in *Stephens II*, the Court did not address the merits of Plaintiff's inadequate medical care claims. Thus, collateral estoppel does not apply to Plaintiff's June 2004 inadequate

medical care claim against Defendant Ifediora.

**C.     Failure to State A Claim**

Finally, Defendant Ifediora argues that Plaintiff has failed to state a viable inadequate medical care claim against him because his Complaint does not specify what he did or should have done in treating Plaintiff's problems with his cervical spine. *See* docket entries #30 and #31. While that may be true, the grievances attached to Plaintiff's Complaint clarify that he contends that Defendant Ifediora should have ordered an MRI. In support of this argument, Plaintiff points out in his Response to Defendant Ifediora's Motion to Dismiss, that Dr. Hopson, in fact, did order an MRI of Plaintiff's cervical spine in February of 2007. *See* docket entry #34, attachment.

The Court concludes that Plaintiff's allegations against Defendant Ifediora fail to state a viable inadequate medical care claim. It is well settled that negligence, gross negligence, or the mere disagreement with the course of medical care is not sufficient to state a deliberate indifference claim under the Eighth Amendment. *Gibson v. Weber*, 433 F.3d 642, 646 (8th Cir. 2006)*; Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir.1995). Plaintiff's Complaint and attached materials establish that Defendant Ifediora and other prison doctors gave him routine examinations and pain medications for his spinal conditions – which is the <u>identical</u> <u>treatment</u> he received from Dr. Hopson. The only point at which Dr. Hopson's treatment of Plaintiff diverged from the treatment Plaintiff received from Dr. Ifediora was Dr. Hopson's decision to order an MRI in February of 2007. This MRI was ordered more than two and a half years <u>after</u> Defendant Ifediora decided, in June of 2004, that such a diagnostic procedure was not warranted. Obviously, Plaintiff's spinal condition could have dramatically changed over the course of the next thirty months. Furthermore, as the Court observed in *Estelle v. Gamble*, 429 U.S. 97, 107 (1976):

-8-

> [T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like [diagnostic] measures, does not represent cruel and unusual punishment. At most it is medical malpractice . . . ."

Finally, Plaintiff makes no allegations that, as a result of this MRI, Dr. Hopson began to provide him with any different medical treatment. Accordingly, the Court concludes that Plaintiff has failed to state a viable inadequate medical care claim against Defendant Ifediora.

In his Motion to Dismiss, Defendant Ifediora requests that the Court count the dismissal of Plaintiff's claims as a "strike," pursuant to 28 U.S.C. § 1915(g). However, the plain language of § 1915(g) provides that it only applies to actions commenced by prisoners.[7] It is undisputed that Plaintiff was not incarcerated when he commenced this action. *See* 28 U.S.C. § 1915(g). Thus, the dismissal of this action should *not* count as a strike. However, because 28 U.S.C. § 1915(a)(3) does not limit its application to prisoners, the Court should certify that an *in forma pauperis* appeal of the dismissal of this action would not be taken in good faith.

### IV.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.    Defendant Lytle's and Defendant Ifediora's Motions to Dismiss (docket entries #18 and #30) be GRANTED, and this case DISMISSED, WITH PREJUDICE.

---

[7] Specifically, 28 U.S.C. § 1915(g) states that: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." (Emphasis added.)

2.  Plaintiff's Motion for Production of Documents (docket entry #35) be DENIED.[8]

3.  The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition would not be taken in good faith.

Dated this 7th day of May, 2007.

UNITED STATES MAGISTRATE JUDGE

---

[8] The Motion should be denied for two reasons. First, it is moot in light of the recommendation that this case be dismissed. Second, Fed. R. Civ. P. 5(d) provides that discovery requests are to be sent directly to opposing counsel and <u>not</u> filed as motions with the Court.